UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ERNEST HARDY,
an individual,

    Plaintiff,

vs.

10400 FOODCORP, INC,
a Florida Corporation.

    Defendant.
_____/

## COMPLAINT

Plaintiffs, ERNEST HARDY (hereinafter "Plaintiff"), sues Defendant, 10400 FOODCORP, INC, (hereinafter "Defendant"), and as grounds therefore allege:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, a declaration or rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq., pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, ERNEST HARDY, is an individual over eighteen years of age, residing and domiciled in Miami-Dade County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, 10400 FOODCORP, INC. was and is a corporation authorized to do business in the State of Florida with agents and/or offices and restaurants in Miami-Dade County, Florida.

6. At all times material, Defendant owned, leased, or operated the store which is the subject of this action, located at 10400 NW 7th Avenue, Miami, FL 33150.

7. Venue is properly located in the Southern District of Florida because Defendants' property is located in Miami-Dade County, and because a substantial part of the events or omissions giving rise to this claim occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff ERNEST HARDY is an individual with disabilities as defined under the ADA. Plaintiff is paraplegic. He is unable to ambulate without the use of a wheelchair, and in addition has diminished use of his upper body functions, most notably his hands. Plaintiff, ERNEST HARDY, has visited property in paragraph 6 that form the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property.

9. The barriers to access at Defendant's property have denied or diminished Plaintiff's ability to visit the property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury, embarrassment, and discomfort to Plaintiff.

10. Defendant owns, leases, leases to, or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of

public accommodations that the Defendants own, operate, lease or lease to, is known as 10400 FOODCORP, INC located at 10400 NW 7th Avenue, Miami, FL 33150.

11.   ERNEST HARDY has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described property but not necessarily limited to the allegations in paragraph 13 of this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. ERNEST HARDY desires to visit the subject location not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12.   The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

13.   The Defendant has discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of the properties has shown that violations exist. These violations include, but are not limited to:

**Parking**

A. Some of the disable use spaces have an uneven surface in violation of Section 4.6.3 of the ADAAG.

**Entrance Access and Path of Travel**

A. There are curb ramps at the facility that project into vehicular areas in violation of Section 4.7.6 of the ADAAG.

B. There are no detectable warnings on the curb ramps at this facility in violation of Sections 4.7.7 and 4.29 of the ADAAG.

C. The curb ramp at the facility has an uneven surface that does not comply with Section 4.7.4 and 4.5 of the ADAAG.

D. There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG.

E. There are rises at the thresholds of entrances at the facility in excess of ½ inch, violating Sections 4.5.2 and 4.13.8 of the ADAAG.

**Access to Goods and Services**

A. There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG.

B. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG.

C. There is insufficient clear floor space to access goods or services at the facility, in violation of several Section of the ADAAG.

D. The public accommodations have not maintained an operable working condition of the features and equipment to be readily accessible and usable as per section 36.211 of the ADAAG.

**Restrooms**

A. There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG.

B. There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG.

    C. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG.

    D. The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG.

14. The discriminatory violations described in paragraph 13 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and has been denied the benefits of, services, programs and activities of the Defendant's buildings and their facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

15. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure

that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18. Plaintiff is without adequate remedy at law and are suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendants.

21. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to alter the Defendant's locations described above and the common exterior areas of the properties to make those facilities readily accessible and

useable to the Plaintiffs and all other mobility- impaired persons; or by closing the facility until such time as the Defendants cures their violations of the ADA.

WHEREFORE, the Plaintiff, ERNEST HARDY, respectfully request that this Honorable Court issue (i.) a Declaratory Judgment determining Defendant at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii.) Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii.) An award of attorneys fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv.) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

DATED:  March 1, 2011

                                        Respectfully submitted,

                                        By:     /s/ Jacob E. Segal
                                                    JACOB SEGAL
                                                    Florida Bar No.:  191371
                                                    THE SEGAL LAW FIRM
                                                    2131 Hollywood Blvd, #208
                                                    Hollywood, Florida, 33019
                                                    Telephone: (954) 920-9910
                                                    Facsimile: (954) 920-1290
                                                    E-Mail: jsegal@thesegalfirm.com

Page 8 of 8.